21-6491
Lin v. Garland

A087 916 040

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-four.

PRESENT:
        ROBERT D. SACK,
        RICHARD J. SULLIVAN,
        EUNICE C. LEE,
                *Circuit Judges.*
_____

LAN YING LIN,
        *Petitioner,*

        v.                                                    **21-6491**
                                                              **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONER:**          Margaret W. Wong, Cleveland, OH.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant
                             Attorney General; Russell J. E. Verby, Senior
                             Litigation Counsel; John D. Williams, Senior
                             Trial Attorney, Office of Immigration
                             Litigation, United States Department of
                             Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of
Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND
DECREED that the petition for review is DENIED.

Petitioner Lan Ying Lin, a native and citizen of the People's Republic of
China, seeks review of an August 3, 2021 decision of the BIA denying her motion
to reopen her removal proceedings. *In re Lan Ying Lin*, No. A 087 916 040 (B.I.A.
Aug. 3, 2021). We assume the parties' familiarity with the underlying facts and
procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and
its findings regarding country conditions for substantial evidence. *See Jian Hui
Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). A motion to reopen
ordinarily must be filed within 90 days of a final order of removal. *See* 8 U.S.C.
§ 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Lin did not file her

2

motion until 2018, five years after the BIA affirmed her removal order.

The 90-day time limit does not apply, however, if the movant seeks to reopen to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). In considering evidence of changed country conditions, the agency must "compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007)). "The BIA has broad discretion in how it conducts this review," *id.*, but it abuses its discretion if it fails to address material evidence or "provides no rational explanation" and produces a decision "devoid of any reasoning, or contain[ing] only summary or conclusory statements," *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146 (2d Cir. 2007) (quoting *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006)). "[W]e presume that [the agency] has taken into

3

account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006).

The BIA did not abuse its discretion in denying Lin's motion because substantial evidence supports its conclusion that Lin failed to demonstrate a material change in conditions for Christians in China since her 2011 hearing. Although the 2011 U.S. State Department International Religious Freedom ("IRF") Report for China states that "[t]he government's respect for and protection of the right to religious freedom deteriorated," Certified Admin. Record at 212, the IRF reports for 2009, 2011, and 2017 described similar conditions. The 2011 and 2017 reports state that China's constitution provides for freedom of religion but that the government restricts and controls its practice. The 2009 report provides that, "[i]n some areas[,] security authorities used threats, demolition of unregistered property, extortion, interrogation, detention, physical attacks, and torture to harass leaders of unauthorized groups and their followers." *Id.* at 721. The 2011 report states that activities were restricted and the government "harassed, detained, arrested, or sentenced to prison" religious adherents. *Id.* at 216. The 2017 report states that the government "physically abused, detained, arrested,

4

tortured, sentenced to prison, or harassed adherents of both registered and unregistered religious groups." *Id.* at 196. China has been designated as a Country of Particular Concern under the International Religious Freedom Act since 1999. On this record, the BIA reasonably concluded that Lin did not show a material change in country conditions.

Her remaining arguments fail. Although China's 2018 regulations expanded authority to control religious practice to more levels of government, reports and news articles stated that the regulations have simply formalized existing restrictions and might not be enforced. Moreover, the record demonstrates that treatment of unregistered churches varies geographically, with few incidents reported in Lin's home province of Fujian. *See Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021) (concluding that petitioner failed to meet his burden of proof because he produced no evidence of persecution of Christians in his home province of Fujian). Finally, Lin's evidence that her brother died in 2013 while fleeing a church raid does not compel a conclusion that conditions had changed, *see Jian Hui Shao*, 546 F.3d at 153, 165–66 (upholding BIA's determination that isolated reports of persecution were insufficient to meet petitioner's burden), nor

does it rebut the underlying adverse credibility determination regarding Lin's own alleged persecution and practice of Christianity, *see Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (upholding BIA's conclusion that evidence is not material for purposes of a motion to reopen if it does not rebut an underlying adverse credibility determination).

In sum, the BIA did not abuse its discretion in denying Lin's motion to reopen because substantial evidence supports the BIA's conclusion that she failed to show a material change in country conditions.   *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
